JOHN H. HAMMOND vs. PETER E. DEEHAN.

Cumberland. Opinion October 18, 1886.

*Arbitration and award.*

The award of an arbitrator, after stating his conclusion, contained the following clause, "In arriving at this result I have excluded every claim (including those for intoxicating liquors) submitted by said parties, except the following which I have allowed." Then follows a detailed statement of articles allowed each against the other, with the balance struck: *Held*, that the meaning of the award is, not that the arbitrator did not pass judgment upon all the claims submitted, but that he disallowed certain ones which the award declares he "excluded."

ON REPORT from the superior court.

Assumpsit on the award of an arbitrator for $171.17.

*E. S. Ridlon*, for plaintiff, cited : 1 Esp. 194 ; Tidd's Practice, 756 ; Bouvier's Law Dict. *"Insimul computassent;"* same, "Account stated."

*D. A. Meaher*, for defendant.

There has been a failure to determine a controversy submitted, to wit : every claim (including those for intoxicating liquors) submitted by said Deehan and Hammond ; except a few named in the award.

The whole award is void. *Ott v. Schroeppel*, 1 Seld. 482 ; *Wright* v. *Wright*, 5 Cow. 197 ; *McNear* v. *Bailey*, 18 Maine, 251 ; *Richards* v. *Drinker*, 1 Halst. 307 ; *Harker* v. *Hough*, 2 Halst. 428 ; *Carnochan* v. *Christie*, 11 Wheat. 446 ; *Edwards* v. *Stevens*, 1 Allen, 315 ; *Varney* v. *Brewster*, 14 N. H. 49 ; *Stone* v. *Phillips*, 4 Bing. N. C. 37 ; *Mitchell* v. *Staveley*, 16 East 58.

The arbitrator in his award, expressly excepts, out of his decision, particular matter included in the submission, and this makes the award altogether bad. *Bradford* v. *Bryan*, Willis, 268; *Wright* v. *Wright*, 5 Cow. 197; *Ott* v. *Schroeppel*, 5 N. Y. (1 Seld.) 482; *Turner* v. *Turner*, 3 Russell, 494.

The motive which induced the arbitrator to omit the determination of a matter submitted, seems to be immaterial. A misconception of duty is no excuse for the omission. The award must be held void. *Bowers* v. *Fernie*, 4 M. & Cr. 150; *Brown* v. *Meverell*, Dyer, 216 b; *Wilkinson* v. *Page*, 1 Hare, 276; *Samuel* v. *Cooper*, 2 Ad. & El. 752; *Brophy* v. *Holmes*, 2 Molloy, 1.

The award should be co-extensive with the submission. *Bhear* v. *Harradine*, 7 Exch. 269.

Awards have the force of judgments. Wharton's Evidence, vol. 2, § 800, year 1877.

The averments in the award can not be collaterally impeached by parol. 1 Co. Litt. 260 a; *Glynn* v. *Thorpe*, 1 Barn. & A. 153; *Dickson* v. *Fisher*, 1 W. Black, 664; *Garrick* v. *Williams*, 3 Taunt. 544; *Galpin* v. *Page*, 18 Wall. 365; *The Achorn*, 2 Abbott, U. S. 434; *Sanger* v. *Upton*, 91 U. S. (1 Otto) 56; *Ellis* v. *Madison*, 13 Maine, 312; *Dolloff* v. *Hartwell*, 38 Maine, 54; *Hall* v. *Gardner*, 1 Mass. 172; *Legg* v. *Legg*, 8 Mass. 99; *Wellington* v. *Gale*, 13 Mass. 483; *Kelley* v. *Dresser*, 11 Allen, 31; *Mayhew* v. *Gay Head*, 13 Allen, 129; *Com.* v. *Slocum*, 14 Gray, 395; *Capen* v. *Stoughton*, 16 Gray, 364; *Richardson* v. *Hazelton*, 101 Mass. 108; *Whiting* v. *Whiting*, 114 Mass. 494.

Additional facts which should be of record, cannot be added to a record by parol. *Wilcox* v. *Emerson*, 10 R. I. 270.

To ascertain the character of a judgment, we must look to the record of it alone. An omission cannot be added by parol. *Treftz* v. *Pitts*, 74 Penn. St. 349.

Parol evidence cannot be received to vary a written submission of award. *Barlow* v. *Todd*, 3 Johns. R. 367; *DeLong* v. *Stanton*, 9 Johns. R. 38; *Efner* v. *Shaw*, 2 Wend. 567.

VIRGIN, J. By the express terms of the submission, the arbitrator was made "sole judge of the law and fact arising between the parties."

The only objection raised against the award by the party against whom the balance was found, is, that the arbitrator did not determine the whole controversy submitted.

After stating his conclusion, the award recites : " In arriving at this result, I have excluded every claim (including those for intoxicating liquors) submitted by said parties, except the following which I have allowed," &c. Then follows a detailed statement of articles allowed each against the other, with the balance struck.

Without any explanation on the part of the arbitrator, the evident meaning of the award is, not that he did not pass judgment upon all claims submitted, but simply that he "excluded" certain ones (enumerated in his testimony) from his computation in the result, because he disallowed them, as well he might.

In accordance with the terms of the report, the entry must be,

*Judgment for plaintiff for $171.17 and interest from date of writ.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.